IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| ROBERTO AVALOS | § | CASE NO: 05-71420 |
|     Debtor(s) | § | |
| | § | CHAPTER  7 |
| | § | |
| LABORATORY CORPORATION OF | § | |
| AMERICA | § | |
|     Plaintiff(s) | § | |
| | § | |
| VS. | § | ADVERSARY NO. 06-7026 |
| | § | |
| ROBERTO AVALOS | § | |
|     Defendant(s) | § | |

## MEMORANDUM OPINION

On October 3, 2006, Laboratory Corporation of America filed an objection to Debtor's discharge under 11 U.S.C. § 727(a) and (d).[1]  For the reasons set forth below, the Court finds the objection filed pursuant to 11 U.S.C. § 727(a) is untimely and, therefore, denied.

*Background*

Robert Avalos ("Debtor") filed for chapter 7 bankruptcy on October 15, 2005.  The § 341 meeting of creditors was scheduled for December 9, 2005.  The meeting was reset to January 20, 2006.  The deadline for opposing discharge was set for February 7, 2006.  On January 26, 2006, the United States Trustee (UST) filed a motion to extend time to object to discharge.  This motion was granted and the UST was given until May 9, 2006, to object to Debtor's discharge. [2]

---

[1] LabCorp's complaint alleges that discharge should be denied under 11 U.S.C. § 727(a) and (d).  This Memorandum Opinion and Order addresses the timeliness of the complaint brought under 11 U.S.C. § 727(a) only.

[2] Pursuant to the United States Trustee's (UST) motion (docket no. 12, case no.  05-71420), the bankruptcy court entered an order on February 21, 2006, extending the deadline for objecting to discharge to May 9, 2006.  The UST's motion specifically requested an extension of time for the UST only.  If this order were to apply to all creditors, it could have a significant effect on the Court's evaluation of the timeliness of LabCorp's objection to discharge.  However, under the guidance of *In re Ichinose*, 946 F.2d 1169, 1174 (5th Cir. 1991), the Court finds that the extension of the deadline to object to discharge applied to the UST only.  *Id.*  (finding order extending time to

1

On February 6, 2006, the chapter 7 trustee filed a motion to dismiss Debtor's case due to Debtor's failure to appear at the § 341 meeting.  The case was dismissed on March 30, 2006.  The dismissal, however, was vacated on May 19, 2006, and the new meeting of creditor's was set for August 25, 2006.  Laboratory Corporation of America ("LabCorp") filed its objection to discharge on October 3, 2006, arguing Debtor's discharge should be denied under 11 U.S.C. § 727(a) and (d).  A hearing was held on February 2, 2007.  The parties were ordered to brief whether LabCorp's objection to discharge pursuant to 11 U.S.C. § 727(a) is timely.

*Analysis*

The principle purpose of bankruptcy is to grant a "fresh start" to the "honest but unfortunate debtor."  *Grogan v. Garner*, 498 U.S. 279, 287 (1991).  For a chapter 7 debtor, this purpose is accomplished through a discharge of all of his prepetition debts.  To receive this discharge, the debtor must, *inter alia*, meet the requirements of 11 U.S.C. § 727(a).  Section 727(a)(1) – (12) lists certain conduct that may prevent the debtor from being granted a discharge.  11 U.S.C. § 727(a).  This list embodies Congress' intent that a debtor should be denied a discharge for participation in certain malfeasant activities.  *See e.g. Kontrick v. Ryan*, 540 U.S. 443, 447 (2004).  For relevant purposes, this list includes, in summary, if the debtor:

> . . .
>
> (2) acted with intent to hinder, delay, or defraud a creditor by concealing property;
>
> (3) concealed, destroyed, or failed to keep or preserve any recorded information, from which the debtor's financial condition or business transactions might be ascertained;

---

object to discharge only applied to particular creditor who brought the motion.  The Court stated "[t]o determine whether the orders granted general extensions or merely allowed a specific party or parties more time, we look first to the language used in the orders").  This Court finds that while the second paragraph of the Order granting the UST's motion inserts some ambiguity as to whom the Order applies, the language used in third paragraph of the Order, which provides the grant language, and the UST's motion itself demonstrates that an extension was requested and, therefore, granted as to the UST only.

(4) knowingly and fraudulently, made a false oath or account;

. . .

(6) refused to obey any lawful order of the court.

11 U.S.C. § 727(a)(2)-(4) and (6).   Under § 727(c), a creditor may object to the debtor's

discharge if the creditor believes the debtor has participated in conduct prohibited under §

727(a).   11 U.S.C. § 727(c)(1).   The deadline for a creditor's right to object to discharge is set

forth in Bankruptcy Rule 4004.   FED. R. BANKR. P. 4004.   Under Rule 4004(a), "a complaint

objecting to the debtors' discharge under § 727(a) of the Code shall be filed no later than 60 days

after the first date of the meeting of creditors under § 341(a)."   FED. R. BANKR. P. 4004(a).

LabCorp filed its objection to discharge approximately 300 days after the first date set for

the meeting of creditors.   LabCorp argues, however, that in the Fifth Circuit, when a case is

dismissed and then reinstated, "the deadline to object to the Debtor's discharge is calculated

from the first date set for the § 341 Creditors Meeting following the reinstatement."   Pl.'s Br. ¶

18 (citing *In re Dunlap*, 217 F.3d 311, 316 (5th Cir. 2000)).   Therefore, LabCorp believes that its

objection to discharge filed on October 3, 2006, pursuant to 11 U.S.C. § 727(a) is timely.[3]

Debtor, however, claims that the Fifth Circuit case on which LabCorp relies, *Dunlap*, is

distinguishable from the case presently before this Court.   In *Dunlap*, the case was dismissed

before the 60-day limit in Rule 4007(c) had run.   *In re Dunlap*, 217 F.3d at 314.   In the

proceeding currently before the Court, the 60-day limit as to the creditors expired before the case

---

[3] The Court in *Dunlap* was faced with interpreting and applying the deadlines stated in Rule 4007(c) for filing a complaint to determine the dischargeability of a debt pursuant to § 523(c).   *In re Dunlap*, 217 F.3d 311 (5th Cir. 2000).   Rule 4007(c) stated that such a complaint "shall be filed no later than 60 days following the first date set for the meeting of creditors held pursuant to § 341(a)"   *Id.* (citing FED. R. BANKR. P. 4007(c)).   Because of the similarity between Rule 4004(a) and Rule 4007(c), the Court finds it is appropriate to look to cases construing Rule 4007(c) to determine the limits of Rule 4004(a).   *See e.g. Kontrick v. Ryan*, 540 U.S. 443, 448 n.3 (2004) ("Because of the practical identity of the time prescriptions for objections to the discharge of any debts under § 727(a) and for objections to the discharge of particular debts under § 523(c), courts have considered decisions construing Rule 4007(c) in determining whether the time limits delineated in Rules 4004(a) and (b) may be forfeited").

was dismissed.  Debtor argues that to now allow LabCorp a "second bite at the apple. . . would create an injustice to the Defendant/Debtor and to the spirit of the rules."  Def.'s Br. ¶ 22.  This Court agrees.

The Fifth Circuit rigidly applies the time limits for objecting to discharge.  *See Id.*; *In re Ichinose,* 946 F.2d 1169, 1172-73 (5th Cir.1991) ("any exceptions to discharge must be filed within a strictly enforced time limit.");  *In re Compton*, 891 F.2d 1180, 1184 (5th Cir. 1990) ("The fact that a debt is improperly scheduled does not necessary create a right to file a complaint against discharge late");  *Grossie v. Sam*, 894 F.2d 778 (5th Cir. 1990) (finding that a creditor's due process rights were not violated when its complaint objecting to discharge was dismissed as untimely even though the creditor only learned of the bankruptcy 18 days prior to expiration of the bar date);  *Neeley v. Murchison*, 815 F.2d 345 (5th Cir. 1987) (strictly construing the 60-day time period for filing nondischargabiliy complaints even where notice received by the creditor was defective);  *In re Mendel*, 351 B.R. 449, 454 (Bankr. S.D. Tex. 2006) (citing *KBHA Broad. Co. v. Sanders*, 226 B.R. 627, 630 (8th Cir. BAP 1998)) ("Federal Rule of Bankruptcy Procedure 4004(a), which provides a strict deadline for filing an objection to discharge, has been strictly construed").

The claims processing rules, stated in Rule 4004, have been considered to serve three purposes: "First, they inform the pleader, *i.e.,* the objecting creditor, of the time he has to file a complaint. Second, they instruct the court on the limits of its discretion to grant motions for complaint-filing-time enlargements. Third, they afford the debtor an affirmative defense to a complaint filed outside the Rules 4004(a) and (b) limits." *Kontrick v. Ryan,* 540 U.S. 443, 456 (2004).  This period has been considered necessary so that the "participants in bankruptcy proceedings be assured that, within the set period of 60 days, they can know which debts are

4

subject to an exception to discharge." *In re Dunlap*, 217 F.3d at 315 (citing *Neeley*, 815 F.2d at 346). "[T]his fixed, relatively short limitation period enables the debtor and creditors to make better-informed decisions early in the proceedings." *Id.* (citing *Neeley* 815 F.2d at 346-47).

The Debtor in *Dunlap* filed bankruptcy on July 3, 1997. *Id.* at 312. The deadline for filing nondischargeability complaints was set for October 10, 1997. *Id.* The bankruptcy case was dismissed by Debtor's motion on September 15, 1997. *Id.* at 313. After creditors moved to vacate the dismissal as "premature and in violation of the due process safeguards mandated by the Bankruptcy Code," the Court reinstated the case on December 2, 1997, and a new date for the first meeting of creditors was set for February 6, 1998. *Id.* Creditors Sentry and State Bank, individually, filed complaints objecting to discharge on March 31, 1998, and April 2, 1998, respectively. *Id.* Debtor argued the complaints were time-barred. *Id.*

Debtor asserted that the dismissal and reinstatement of the case should have no effect on Rule 4007(c) which strictly demands that the 60-day period runs from the original creditor's meeting. *Id.* Under the circumstances of the case, the Fifth Circuit rejected this argument finding that, if accepted, the bar date would have passed during the time in which the case was dismissed. *Id.* at 315. The Court found that such a rule would "precipitate a barrage of prophylactic filings… and would thus burden both creditors and the courts with unnecessary expense and effort." *Id.* The Court also rejected a tolling rule which was applied by the district court. *Id.* at 316. A tolling rule, the Court stated, was inconsistent with the Bankruptcy Code and Rules and prior decisions of the Court. *Id.* In addition, the Court found that such a rule would fail to comply with the purpose of Rule 4007(c) which is to establish a "fixed, relatively short limitation period for creditors to act." *Id.* (quotations omitted).

Accordingly, the Court concluded that it was necessary to reset the 60-day period once the case was reinstated. *Id.* at 317. In reaching its holding, the Court stressed that it was necessary for a "bright-line" rule to allow for informed decision making by the debtor and creditors. *Id.* at 316-17 ("It is difficult to see how … [a tolling rule] … could possibly comport with the purpose of Rule 4007(c) to allow informed decision making early in the proceedings") ("[A]pplication of the *Coston*[4] rule best preserves the integrity of the 60-day period . . . facilitates informed decision making by creditors, and allows creditors sufficient unequivocal information to calculate the bar date with certainty") ("[A] bright-line rule based on the new first meeting of creditors eliminates creditor guesswork").

In the case presently before the Court, the creditors had a full 60-day window in which to file objections to discharge. There was no uncertainty surrounding a calculation of the bar date. When the case was dismissed, the 60-day period had passed. The bankruptcy court granted Debtor's motion to vacate and in doing so found that the dismissal was due to no fault of Debtor's. The Court, therefore, finds it would be highly inequitable to now allow the creditors a second chance to assert claims objecting to discharge under § 727(a). LabCorp suggests that, under *Dunlap*, any dismissal and reinstatement creates a new 60-day period for discharge objections. Such a rule greatly expands *Dunlap* and produces absurd results.

In this proceeding, the dates of the first creditor's meeting, dismissal, reinstatement, the first new creditor's meeting, and the filing of the objection by LabCorp, all fall within a relatively short time frame. The Court finds it helpful to consider if the time frame was expanded to examine the effects if the Court were to allow the 60-day bar date to be reset. For example, if this case had been proceeding for three years, dismissed due to no fault of Debtor's

---

[4] The *Coston* rule holds that the "60-day period for filing nondischargeability complaints [does] not run from the scheduled date of the first meeting of creditors where the proceedings are stayed due to pendency of a related action in another state case." *Dunlap*, 217 F.3d at 315 (citing *Coston v. Bank of Malvern*, 987 F.2d 1096 (5th Cir. 1992)).

and then reinstated, the Court finds that allowing creditors (under LabCorp's application of *Dunlap*) a second chance to object to the dischargeability of debts after the case had been pending for several years would create an irrational result.

In *Dunlap*, the Fifth Circuit made it exceedingly clear that the purpose of Rule 4007(c), and by association Rule 4004(a), is to allow informed decision making early in the proceedings and to establish a bar date with certainty. *Id.* The Court finds it would violate these purposes if the Court were to now allow a new 60-day nondischargeability objection period. The Court, therefore, denies LabCorp's objection to discharge brought pursuant to 11 U.S.C. § 727(a). A separate order will issue.

Signed at Houston, Texas, on February 22, 2007.

_____
MARVIN ISGUR
United States Bankruptcy Judge

7